**PD-0199-15**

June 15, 2015

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
Post Office Box 12308
Austin, Texas 78711-2308

Re: Appeal No. 05-13-01137-CR
PD-0199-15

Dear Mr. Acosta:

Enclosed for timely and proper filing is Appellant's Motion For Rehearing On Petition For Discretionary Review.

Thank you for presenting this to the Court.

Yours Sincerely,

*Luis Rodolfo López*

Luis Rudolfo Lopez, #1874821
Polunsky Unit
3872 Fm 350 South
Livingston, Texas      77351

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

LUIS RUDOLFO LOPEZ,
        APPELLANT          §
                        §
                        §
VS.                          §     APPEAL NO. 05-13-01137-CR
                        §                PD-0199-15
                        §
THE STATE OF TEXAS,        §
        APPELLEE           §

## APPELLANT'S MOTION FOR REHEARING ON DISCRETIONARY REVIEW

On August 8, 2013, a Dallas County jury found Appellant guilty of Continuous Sexual Abuse of a Child and assessed his punishment at forty years imprisonment.

On direct appeal. court appointed counsel alleged in a firmly grounded error that trial counsel was ineffective. The Dallas Court of Appeals , relying on Mata v State, 226 S.W.3d 425,430 (Tex.Ctim.App. 2002), determined that the record was too incomplete and underdeveloped to determine counsel's performance and resolved Appellate Counsel's claim against him without abatement. See page 10 Court Opinion in originally filed PDR.

Applicant contends that the Supreme Court opinion in Trevino v Thaler, ____ U.S. ____, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), governs his case because Texas courts have repeatedly directed prisoners to raise ineffective assistance of counsel claims via the State's Habeas Corpus remedy rather than on direct appeal.

The reasoning in Trevino followed the Supreme Court decision

-1-

announced in <u>Martinez v Ryan</u>, _____ U.S. _____, 132 S.Ct. 1309, 162 L.Ed.2d 272 (2012), holding that when it is a defendant's first opportunity to raise a claim of ineffective assistance of counsel by collateral review, he is entitled to the effective assistance of counsel in prosecuting his claim.

Since the Dallas Court of Appeals determined that the record was inadequate to make a determination on counsel's performance, Applicant strongly contends that it was "plain error" for the Court of Appeals to rule against him without an abatement or a remand for the appointment of counsel for postconviction purposes.

Appellant's ineffective assistance of counsel claim which was raised by his court appointed attorney was an essential part of his direct appeal and he should not now be forced to abandon his Sixth Amendment claim.

This case need to be decided now without requiring Appellant to seek further review.

Respectfully Submitted

Luis Rodolfo López
Luis Rudolfo Lopez, #1874821
Polunsky Unit
3872 Fm 350 South
Livingston, Texas        77351

Executed: June 15, 2015

LOIS RUDOLFO LOPEZ, #1874821
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77350

LEGAL MAIL

VR SPECIAL

MR. ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
POST OFFICE BOX 12308
AUSTIN, TEXAS 78711-2308


